**IN THE COURT OF APPEALS OF IOWA**

No. 22-1983
Filed February 8, 2023

**IN THE INTEREST OF E.P.,**
**Minor Child,**

**J.G., Mother,**
    Appellant,

**J.P., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Fremont County, Eric J. Nelson,

District Associate Judge.

A mother and father separately appeal the termination of their parental

rights. **AFFIRMED ON BOTH APPEALS.**


Ivan E. Miller, Red Oak, for appellant mother.

Keith R. Tucker of Woods Tucker, PLLC, Glenwood, for appellant father.

Brenna Bird, Attorney General, and Erin E. Mayfield, Assistant Attorney

General, for appellee State.

Vicki R. Danley, Sidney, attorney and guardian ad litem for minor child.


Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A mother and father separately appeal the termination of their parental rights. We find there is sufficient evidence in the record to terminate the mother's parental rights, termination is in the child's best interests, no exceptions to termination should be applied, the mother waived her reasonable efforts claims, and an extension of time is not warranted. For the father, we find termination of his parental rights is supported by the record, termination is in the child's best interests, and the court properly denied his request for an extension of time. We affirm on both appeals.

## I.    Background Facts & Proceedings

J.G.,[1] mother, and J.P., father, are the parents of E.P., born in 2018. The family was previously involved with the Iowa Department of Human Services, now known as the Iowa Department of Health and Human Services (DHHS), beginning in 2018 due to the parents' problems with illegal drugs and alcohol. The child was removed from the parents' custody for a period of time but was reunified with the father in 2019, and the case was closed on February 25, 2020. The father has physical care of the child through a bridge order.

In August 2020, the father told caseworkers that he used methamphetamine after the case closed and drank alcohol every day. Services were reinitiated. In February 2021, the father again reported that he had used methamphetamine. The child was removed from parental custody on August 6, 2021, because both parents continued to abuse drugs and alcohol. Also, while the father was

---

[1] The mother has four other children who do not reside with her.

intoxicated he spanked the child, then grabbed the child's leg and twisted it. Following removal, the child was placed with his daycare provider. On October 20, the court entered an order finding E.P. was in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) (2021).

The father entered a substance-abuse treatment program, which he successfully completed. The child was returned to the father's custody on November 11. But the father relapsed and the child was again removed on March 25, 2022, and placed with a paternal aunt and uncle. The father entered an outpatient treatment program. He relapsed again, then entered a residential treatment program.

Shortly after E.P.'s August 2021 removal, the mother moved to Pennsylvania. She had FaceTime visits and telephone calls with the child. At times the child would hide and refuse to talk to her. The mother had three in-person visits with the child. An Interstate Compact on the Placement of Children (ICPC) study was completed and denied based on the mother's substance-abuse and mental-health history. The mother needed new evaluations before the ICPC request could be resubmitted, and this was not accomplished.

On June 30, the State filed a petition seeking termination of the parents' rights. The termination hearing was held on October 28. At that time, the father was residing in a sober living facility where he could not have the child with him. A caseworker testified the child would "visit his dad, but he does not want to stay overnight or go to his house." The mother did not provide DHHS with evidence that she obtained a mental-health or substance-abuse evaluation. The child was doing well with the paternal aunt and uncle. The caseworker testified the child

"deserves permanency and he deserves to not live and struggle and have to question where he's gonna live today. He needs permanency and he is thriving in his current placement."

The mother testified that she had concerns about removing the child from his current placement because of the relationship he had with the paternal aunt and uncle. She stated, "I want a relationship with [the child] to continue . . . as soon as I'm in the right place." At the hearing, the mother provided documentation to show she had been attending treatment for substance abuse and therapy for her mental health, but she admitted she did not provide the documents to DHHS, stating she "didn't want the aggravation." The mother also testified, "Leaving my children was hard, but knowing that I can always come back for them, that's what gets me through the day, every day." The mother asked for an additional six months to work on reunification.

The director of the sober living facility testified the father was doing well in the program and was working on recovery. The father stated he was doing better since he entered the residential treatment program. He thought the child was doing well with the paternal aunt and uncle. The father also asked for more time to work on reunification.

The district court determined the mother's parental rights should be terminated under section 232.116(1)(b), (e), and (h) (2022) and the father's rights should be terminated under section 232.116(1)(h). The court found the child could not be returned to either parent at the time of the termination hearing. The court found:

> [The paternal aunt and uncle] have provided [the child] with a safe and loving home, and they are willing to adopt him. [The child] needs a stable and safe environment with a caretaker who can meet his needs. [The parents] cannot meet [the child's] immediate and long-term needs in the way [the paternal aunt and uncle] will.
>
> There is no history of [the parents] providing [the child] with a safe and stable living environment free from the use of alcohol and illegal substances. . . . Neither parent is responsible enough to tend to [the child's] daily needs now or in the future.

The court found termination of the parents' rights was in the child's best interests and none of the exceptions to termination found in section 232.116(3) should be applied. The court determined it would not be in the child's best interests to further extend the case by giving the parents additional time. The court also found "reasonable efforts have been made to achieve the primary permanency goal for the child in interest." The mother and father each appeal.

## II.    Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

In general, we follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We first consider whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third,

we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.*

### III.   Mother

**A.**   The mother claims the State did not present sufficient evidence to terminate her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We consider the termination of the mother's parental rights under section 232.116(1)(h).[2]

We consider whether a child can be returned to the parent's care at the time of the termination hearing. *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). After the ICPC study was denied, the mother was told what she needed to do to have the ICPC request resubmitted, but the mother never took the necessary steps for it to be resubmitted. The court noted that because the mother refused to provide the necessary paperwork to DHHS, "there is no way to determine whether her

---

[2] Section 232.116(1)(h) provides for termination of parental rights when the court finds:
>    (1) The child is three years of age or younger.
>    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

residence is safe and suitable for [the child]." Additionally, there was little information about the mother's participation in substance-abuse and mental-health services. Furthermore, the mother had very few in-person visits and has not established a relationship with the child. We conclude the mother's parental rights were properly terminated under section 232.116(1)(h).

**B.** The mother asserts that termination of her parental rights is not in the child's best interests. In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *P.L.*, 778 N.W.2d at 40. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

The mother is not able to provide the safe and stable environment needed by the child. At the time of the removal in August 2021, the mother exercised visitation while under the influence of drugs. She then left for Pennsylvania and had limited contact with the child. The mother's conduct shows she has not made the child a priority in her life, or that she would be able to meet the child's needs. We find termination of her parental rights is in the child's best interests.

**C.** The mother contends the court should have applied an exception to termination. She claims that she has a bond with the child and termination would be detrimental to the child. *See* Iowa Code 232.116(3)(c).

The exceptions to termination found "in section 232.116(3) are permissive, not mandatory." *In re W.T.*, 967 N.W.2d 315, 324 (Iowa 2021) (citation omitted). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). The child's best interests remain our first consideration. *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018).

The court found there was no evidence to show termination of the mother's rights would be detrimental to the child. The court did not believe the child was bonded to the mother "given her sporadic involvement in his life." The court stated the child was settled in the home of the paternal aunt and uncle and he found stability there. We concur in the court's conclusion that none of the exceptions to termination should be applied in this case.

**D.**     The mother claims the State did not engage in reasonable efforts to reunite her with the child. "Reasonable efforts are services to 'preserve and unify a family prior to the out-of-home placement of a child in foster care or to eliminate the need for removal of the child or make it possible for the child to safely return to the family's home.'" *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019) (quoting Iowa Code § 232.102(10)(a)). Although DHHS must make reasonable efforts toward reunification, "parents have a responsibility to object when they claim the nature or extent of services is inadequate." *In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017). An objection to services must be made before the termination hearing, or it has been waived. *Id.* at 840.

The mother did not raise the issue of reasonable efforts prior to the termination hearing, meaning the issue has been waived. *See id.* The mother does not identify any services not provided by the State and there is no indication in the record that the mother requested any services prior to or during the termination hearing. In each order during the CINA proceedings, the court found reasonable efforts had been provided to the mother.

**E.** The mother asks for additional time for reunification with the child. A six-month extension of time may be granted under sections 232.104(2)(b) and 232.117(5) if parental rights are not terminated following a termination hearing. *In re D.P.*, No. 21-0884, 2021 WL 3891722, at *2 (Iowa Ct. App. Sept. 1, 2021). An extension of time may be granted if the court "determin[es] that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (quoting Iowa Code § 232.104(2)(b)). "The judge considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* (citation omitted).

The court found:

> The additional time that [the mother] is requesting for placement is also not warranted. She has had over one year to provide the Department with the necessary documentation that would allow for Pennsylvania to make an assessment of the safety of her home and her ability to safely parent [the child]. There is no reason for the Court to believe that she will now do an about-face and completely comply with IDHHS, the State of Pennsylvania, her mental health provider, and her drug and alcohol therapist. Given her history of noncompliance with the Department, the Court does not believe she will make a serious attempt to complete outpatient

treatment to resolve her substance use issues. [The child] cannot wait any longer for [the mother] to address her issues.

We agree with the district court's assessment. We conclude the district court properly denied the mother's request for additional time to work on reunification.

## IV. Father

**A.** The father asserts the State did not present clear and convincing evidence that his parental rights should be terminated under section 232.116(1)(h). For termination under this section, the State must show the child can be returned to the parent's care at the time of the termination hearing. *See A.M.*, 843 N.W.2d at 111. In his petition on appeal, the father states the child "could be returned to his care within the foreseeable future." The father could not have the child placed with him at the sober living facility where he was residing, so the child could not be placed with him at the time of the termination hearing. We conclude the court properly terminated the father's parental rights under section 232.116(1)(h).

**B.** The father contends termination of his parental rights is not in the child's best interests. He states that he has a very strong bond with the child. As noted, when we consider the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *P.L.*, 778 N.W.2d at 40.

The district court stated, "[the child] needs a stable and safe environment with a caretaker who can meet his needs," and found the father "cannot meet [the child's] immediate and long-term needs" in the same way as the paternal aunt and uncle. We conclude termination of the father's parental rights is in the child's best

interests. The father has not been able to achieve long-term sobriety and he is unable to meet the child's needs.

**C.** As part of the issues raised by the father on appeal, he asks for additional time to work on reunification. He asserts that the child could be returned to his custody after he leaves the sober living facility. An extension of time may be granted if the court "determin[es] that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *A.A.G.*, 708 N.W.2d at 92 (quoting Iowa Code § 232.104(2)(b)).

The court stated:

> The Court simply cannot gamble with [the child's] chance at a permanent home by returning him to [the father], knowing it is likely that another removal will occur in the future. That is simply not in [the child's] best interest. There is a history of returning [the child] to his father's care, and a history of [the father] relapsing shortly thereafter. In fact, [the father] admitted to the Department that he relapsed and began using substances before the previous CINA case was even closed. Giving [the father] an additional six months to establish that he will be able to safely parent [the child] going forward would be rooted in nothing but hope and conjecture. The Court simply cannot do that to [the child], as he needs permanency in his life.

The father has attended several substance-abuse treatment programs but was not able to maintain sobriety when he was no longer in a structured environment. We conclude it is not in the child's best interests to grant the father an additional six months to work on reunification, as it is unlikely that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period.

We affirm the termination of the mother and father's parental rights.

**AFFIRMED ON BOTH APPEALS.**